**CONTINENTAL CASUALTY CO., Plaintiff,**

v.

**GRAHAM & SCHEWE, William J. Schewe, Jr., John T. Graham, and Bruce McLaughlin, Defendants.**

**No. CIV.A. 04–310.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Sept. 28, 2004.

Kelly Vest Overman, Richard A. Simpson, Ross, Dixon & Bell, LLP, Washington, DC, for Plaintiff.

David John Gogal, Esquire, Blankingship & Keith, Fairfax, VA, David Leon Duff, Esquire, Law Offices of David L. Duff, Fairfax, VA, for Defendants.

### MEMORANDUM ORDER

LEE, District Judge.

THIS MATTER is before the Court on Plaintiff Continental Casualty Company's Motion for Judgment on the Pleadings, or in the Alternative, Motion for Summary Judgment, as well as Defendants Graham & Schewe, William J. Schewe, Jr., and John T. Graham's Motion for Summary Judgment. The issues before the Court are whether Defendants Graham & Schewe, William J. Schewe, Jr., and John T. Graham had a basis to believe that any act or omission "might reasonably be expected to be the basis of a claim" at the time they applied for professional liability insurance with Plaintiff Continental Casualty Company in April 2003, and if so, whether Plaintiff Continental Casualty Company is entitled to rescission of the insurance contract. The Court finds that Defendants Schewe, Graham, and Graham & Schewe had a basis to believe that any act or omission "might reasonably be expected to be the basis of a claim" at the time they applied for professional liability insurance in April 2003, because Schewe and Graham & Schewe knew that their former criminal defendant client Bruce McLaughlin was convicted of several sexual assault-type claims against his children, that he petitioned for and was granted a writ of habeas corpus on the grounds of ineffective assistance of counsel, and that he received a judgment of acquittal upon retrial, prior to applying for professional liability insurance in April 2003. The Court holds that there is no genuine issue

of material fact in dispute for trial and that Plaintiff is entitled to judgment as a matter of law. In particular, Plaintiff is entitled to rescission of the insurance contract because Defendants Schewe, Graham, and Graham & Schewe made material misrepresentations on their insurance application by failing to mention the possibility of a claim by Bruce McLaughlin.

## I. BACKGROUND

Graham & Schewe ("the Firm") is a firm engaged in the practice of law in Fairfax County, Virginia. Pl.'s First Am. Compl. ¶ 4; Defs.' Answer Countercl. ¶ 4. On or around June 28, 1998, Bruce McLaughlin ("Mr.McLaughlin") hired William Schewe ("Mr.Schewe") to defend him against several charges of sexual assault and sodomy allegedly committed by McLaughlin against his children. Pl.'s First Am. Compl. ¶¶ 14, 15; Defs.' Answer Countercl. ¶¶ 14, 15. Mr. Harvey Volzer and the firm of Shaughnessy, Volzer and Gagner were also retained by Mr. McLaughlin to represent him in the criminal trial. Mem. Opp'n Pl.'s Mot. J. Pldgs. Mot. Summ. J., Supp. Graham & Schewe Defendants' Mot. Summ. J., Ex. 1B.

On November 19, 1998, Mr. McLaughlin was convicted of three counts of forcible sodomy, three counts of taking indecent liberties with a minor, and two counts of enticement of a minor in the Circuit Court of Loudoun County. Pl.'s First Am. Compl. ¶ 16; Defs.' Answer Countercl. ¶ 16. He was sentenced to thirteen years in prison. Pl.'s First Am. Compl. ¶ 16; Defs.' Answer Countercl. ¶ 16.

On March 16, 2001, Mr. McLaughlin filed a Petition for Writ of Habeas Corpus Ad Subjiciendum, Case No. 24555, in the Circuit Court of Loudoun County, Virginia. Pl.'s First Am. Compl. ¶ 17; Defs.' Answer Countercl. ¶ 17. On March 19, 2001, John H. McLees, Jr., Senior Assistant Attorney General of the Commonwealth of Virginia sent a letter to Mr. Schewe stating in part, "enclosed is a habeas corpus petition filed by Bruce McLauglin, alleging that you provided ineffective assistance of counsel to him in his child molesting case in Loudoun Circuit Court." Mem. Supp. Continental Casualty's Mot. J. Pldgs., Mot. Summ. J., Ex. 1. The letter further stated that Mr. McLees "need[ed] to hear from you, by letter at your first convenience, as to what you did or did not do with respect to his claims I(B), II(C), V, and VI(A), and your reasons for doing what you did." *Id.*

On April 4, 2001, Mr. Schewe replied to Mr. McLees's letter. Mem. Supp. Continental Casualty's Mot. J. Pldgs., Mot. Summ. J., Ex. 1B. In his response, Mr. Schewe wrote "Harvey Volzer and I are willing to answer any questions you have upon receipt of this letter" and referred to Mr. Volzer and himself as "we" in his response to each of the claims Mr. McLees referenced in his letter. *Id.* He drew no distinction between his and Mr. Volzer's representation of Mr. McLaughlin at any point in the letter, noting instead that "Harvey and I have worked together for many years." *See id.*

On December 19, 2001, then-Judge Designate Donald H. Kent granted the Habeas Petition on the basis of ineffective assistance of counsel. Pl.'s First Am. Compl., Ex. D. After Mr. McLaughlin was retried on all charges, he was acquitted on December 11, 2002. Pl.'s First Am. Compl. ¶ 23; Defs.' Answer Countercl. ¶ 23.

On April 9, 2003, the Firm completed an Application ("the Application") for Lawyers Professional Liability Insurance ("the Policy") issued by Continental Casualty Company ("Continental," "Plaintiff"), an insurance company based in Chicago, Illinois. Pl.'s First Am. Compl. ¶ 37; Defs.' Answer Countercl. ¶ 37. Question No. 30 of the Application asked: "[a]fter inquiry

is any attorney in the firm aware of ... [a]n act or omission that may reasonably be expected to be the basis of a claim against them, the firm, any predecessor firm, or against any current or former attorney of the firm, while affiliated with the firm?" Pl.'s First Am. Compl. Ex. E. Defendants Graham, Schewe, and Graham & Schewe responded "No." *Id.*

Continental subsequently issued the Policy to cover the period April 24, 2003, to April 24, 2004. Pl.'s First Am. Compl. ¶¶ 29, 30; Defs.' Answer Countercl. ¶¶ 29, 30. The Policy states that it provides coverage for

> "all sums in excess of the deductible that the Insured shall become legally obligated to pay as damages and claim expenses because of a claim that is both first made against the Insured and reported in writing to the Company during the policy period by reason of an act or omission in the performance of legal services by the Insured or by any person for whom the Insured is legally liable..."

Pl.'s First Am. Compl., Ex. A, Policy Section I.A. The policy further states that Continental's duty to pay sums on behalf of an Insured is subject to the condition that:

> 3. prior to:
>
> a. the inception date of the first policy issued by the Company or any subsidiary or affiliate of the Company, if continuously renewed; or,
>
> b. the date the Insured first became a member or employee of the Named Insured or a predecessor firm,
>
> whichever is later, no Insured had a basis to believe that any such act or omission, or related act or omission,

might reasonably be expected to be the basis of a claim..."

*Id.*

On June 12, 2003, Mr. McLaughlin filed a Motion for Judgment against Schewe, Graham, and the Firm, as well as co-counsel Volzer and his firm, alleging legal malpractice and breach of contract. Pl.'s First Am. Compl. ¶ 24, Ex. B.

## II. DISCUSSION

### A. Standard of Review

Under Rule 56(c), the Court must grant summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law. In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party.

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1996). "Rule 56(e) requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## B. Analysis

*Plaintiff's Motion for Summary Judgment*

 The Court holds that Plaintiff has met its burden of demonstrating no genuine dispute of material fact for trial and that Plaintiff is entitled to judgment as a matter of law. Plaintiff is entitled to rescission of the Policy because Defendants had a basis to believe that Mr. McLaughlin might reasonably be expected to assert claims of malpractice against them at the time they completed the Application for Lawyers Professional Liability Policy. An insurance company contesting a claim on the basis of an insured's alleged misrepresentation must show by clear proof that (1) the statement on the application was untrue, and (2) the insurance company's reliance on the false statement was "material to the company's decision to undertake the risk." *Commercial Underwriters Ins. Co. v. Hunt & Calderone, P.C.*, 261 Va. 38, 540 S.E.2d 491, 493 (2001), *citing Harrell v. North Carolina Mutual Life Ins. Co.*, 215 Va. 829, 213 S.E.2d 792 (1975); Va.Code Ann. § 38.2–309 (Michie 2004). Under Virginia law, "an insurer can rescind an insurance contract for misrepresentation of a material fact in applying for insurance." *St. Paul Fire & Marine Ins. Co. v. Jacobson*, 48 F.3d 778, 780 (4th Cir.1995) (internal citations omitted).

Plaintiff has met its burden of showing that there is no genuine issue of material fact for trial as to whether Defendants' statements on the Application were untrue and that Plaintiff is entitled to judgment as a matter of law. Question No. 30 of the Application asked: "[a]fter inquiry is any attorney in the firm aware of . . . [a]n act or omission that may reasonably be expected to be the basis of a claim against them, the firm, any predecessor firm, or against any current or former attorney of the firm, while affiliated with the firm?" Pl.'s First Am. Compl. Ex. E. Defendants Graham, Schewe, and Graham & Schewe responded "No." *Id.* Virginia courts have assessed an insured's prior knowledge under an objective standard, asking whether a reasonable person in possession of the facts known to the insured, would have had a reasonable basis to know that a claim might be made. *See e.g., Commercial Underwriters*, 540 S.E.2d at 493–94 (applying an objective standard to evaluate an insured's prior knowledge in a professional liability insurance case).

The Court holds that, as a matter of law, Defendants were aware of acts or omissions that could reasonably be expected to be the basis of a claim against them. In *Brownstein & Washko v. Westport Ins. Corp.*, No. 01–4026, 2002 WL 1745910 (E.D.Pa. July 24, 2002), the Court held that under Pennsylvania law, a reasonable attorney would have had reason to believe there was a basis for a legal malpractice claim when he knew his client sought to overturn her conviction partly on the basis of ineffectiveness of counsel, the client had hired another attorney to represent her following her conviction, the party attorney had been extensively questioned regarding his representation of the client at a post-conviction hearing, and the trial judge granted his client a new trial. Similarly, the Fifth Circuit in *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218 (5th Cir.1986), held that an attorney had knowledge at the time of his application for professional malpractice liability insurance of circumstances surrounding his representation of a client that might result in a claim, when the attorney knew his client was displeased with the outcome his trial and conviction, that the client was extremely frustrated, and that he was "looking to blame everyone but himself." *See id.*

As in *Brownstein & Washko* and *Professional Managers,* this Court holds that, as a matter of law, Mr. Schewe, Mr. Graham, and the Firm were aware of acts or omissions that could reasonably be expected to be the basis of a claim against them. Mr. Schewe represented Mr. McLaughlin in a matter in which he was convicted of three counts of forcible sodomy, three counts of taking indecent liberties with a minor, and two counts of enticement of a minor in the Circuit Court of Loudoun County. Mr. McLaughlin filed a Petition for Writ of Habeas Corpus Ad Subjiciendum in which he explicitly accused defense counsel of ineffective assistance of counsel. Mr. Schewe received a March 16, 2001 letter from John H. McLees, Jr., Senior Assistant Attorney General of the Commonwealth of Virginia stating in part, "enclosed is a habeas corpus petition filed by Bruce McLauglin, alleging that *you provided ineffective assistance of counsel to him* in his child molesting case."[1] (emphasis added). Mr. Schewe replied to this letter presenting his and his co-counsel's position on various bases for the Petition for Writ of Habeas Corpus. Mr. Schewe, Mr. Graham, and the Firm were aware of then-Judge Designate Donald H. Kent's December 2001 letter granting the Habeas Petition on the basis of ineffective assistance of counsel. Also, they knew that Mr. McLaughlin was retried on all charges and acquitted on December 11, 2002, after serving four years in jail. Even if they believed that they would have prevailed on an ineffective assistance of counsel claim brought by Mr. McLaughlin, as a matter of law, the Court holds Defendants Graham, Schewe, and the Firm were aware of acts and omissions that might reasonably be expected to be the basis of a claim against them.

■ Plaintiff has also met its burden of showing that there is no genuine dispute of material fact for trial and that it is entitled to judgment as a matter of law as to whether the false statement was material to Plaintiff's decision to issue the Policy on Defendants' behalf. In determining whether a statement is "material" in this context, Virginia courts consider whether "truthful answers would have reasonably influenced" the insurance company in making its decision to issue a policy. *E.g., Commercial Underwriters,* 540 S.E.2d at 493. Whether a statement in an insurance application was material to the insurance company's decision to issue a policy is a matter of law for the Court to determine. *Old Republic Life Ins. Co. v. Bales,* 213 Va. 771, 195 S.E.2d 854, 856 (1973). An insurance policy's statements that each of

---

1. Defendants, in their Memorandum in opposition to this Motion, state that Mr. Schewe and the Firm were retained and responsible only for the McLaughlin case's medical aspects, including the preparation and examination of medical experts. Because of the purportedly limited scope of their representation and because the Writ of Habeas Corpus was granted without specifically referring to medical testimony or to Mr. Schewe by name, Defendants argue that they were not aware of any acts or omissions that could reasonably be expected to be the basis of a claim against them. This argument, however, lacks merit. First, Mr. Schewe's own affidavit states that he "present[ed] several character witnesses to allow Mr. Volzer more time to prepare his closing arguments." Memo. Opp. Mot. J. Pldgs. Mot. Summ. J., William Schewe's Affidavit, Ex. A. Second, Mr. Schewe's reply to Mr. McLees's letter informing him of charges of ineffective assistance of counsel against him draws no distinction whatsoever between his and Mr. Volzer's representation at any point, noting instead that "Harvey and I have worked together for many years." Mem. Supp. Cont. Casualty's Mot. Ex. 1B. Finally, the Judge's referring to Mr. McLaughlin's attorneys as "counsel" rather than by their individual names in his decision to grant the Writ of Habeas Corpus fails to provide adequate support for Defendants Graham, Schewe, and the Firm's conclusion that he meant only Mr. Volzer.

an applicant's answers on an insurance application are "material" is insufficient to meet the materiality requirement. *Commercial Underwriters,* 540 S.E.2d at 493, *citing Harrell,* 213 S.E.2d at 794. In this case, however, Plaintiff provides the affidavit of Lucille A. Aiello, Director of Underwriting for the Lawyers Professional Liability Program of the Plaintiff. She avers

> "without equivocation that disclosure by a prospective insured law firm of a potential claim by a former criminal defense client who had been granted a new trial based on a finding of ineffective assistance of counsel would be material to Continental's acceptance of the risk, or to the hazard assumed by Continental, in underwriting a lawyers professional liability policy."

Mem. Supp. Continental Casualty Co.'s Mot. J. Pldgs., Mot. Summ. J., Ex. C. Defendants' argument that Continental's decision subsequently to renew Defendants' professional liability policy is irrelevant to whether Plaintiff materially relied on Defendants' response to Question No. 30 in issuing the Policy at issue in this case. Consequently, the Court holds that, as a matter of law, Continental materially relied on Question No. 30 in determining whether to issue the Policy.

The Court grants summary judgment for the Plaintiff because there is no genuine dispute of material fact for trial regarding whether Defendants' statements on the Application were untruthful and whether these statements were material to Continental's decision to issue the insurance policy. Consequently, the Court holds that Plaintiff is entitled to judgment as a matter of law.

*Defendants' Motion for Summary Judgment*

Defendants' Motion for Summary Judgment under Va.Code § 38.2–209 is without merit since Plaintiff did not act in bad faith in denying coverage to Defendants Graham, Schewe, and the Firm.

## III. CONCLUSION

The Court grants summary judgment for Plaintiff Continental Casualty Company because it met its burden of showing no genuine dispute of material fact for trial and that it was entitled to judgment as a matter of law, since Defendants' statements on the Application were untruthful and Plaintiff materially relied upon these statements in issuing the Policy.

For the foregoing reasons, it is hereby

ORDERED that Plaintiff Continental Casualty Company's Motion for Summary Judgment is GRANTED. The Court declares that the Policy is rescinded and void. It is further

ORDERED that Defendants Schewe, Graham, and Graham & Schewe's Motion for Summary Judgment is DENIED.

The Clerk is directed to forward a copy of this Order to counsel of record.